# REPORTS

OF

# CASES ARGUED AND DETERMINED

## At June Term, 1859.

———◦———

## NONEMAKER *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

1. *Waiver of objection to plea.*—In a criminal case, if issue is joined on a plea and a trial is had thereon, without objection on the part of the State, the appellate court will not, at the instance of the State, treat such plea as a nullity.

2. *Plea of former conviction.*—Under the plea of former conviction in a gaming case, if the record of the former conviction, and the parol evidence adduced in aid of it, fail to show conclusively the non-identity of the two cases, the court is not authorized to instruct the jury, that if they believe the evidence, they must find the prisoner guilty.

FROM the Circuit Court of Perry.

Tried before the Hon. A. A. COLEMAN.

THE indictment in this case was found at the fall term, 1857, of said circuit court, and charged the prisoner, in several different counts, with playing "at a game with cards, or dice, or some device or substitute therefor," at each of the public places enumerated in the statute. The trial was had at the spring term, 1859, on the pleas of not guilty and former conviction. "On the trial," as the bill of exceptions states, "the State introduced a witness

who proved, that the defendant and one —— played to-
gether at a game with cards, within twelve months before
the finding of the indictment, in a public shoemaker's
shop, in Union Town in said county." Under the plea
of former conviction, the defendant then offered in evi-
dence the record of his conviction, at the last previous
term of said court, on the plea of guilty, under an indict-
ment which was in precisely the same words as that in
the present case, and which was found at the same term
of the court. "A witness was then introduced, who was
examined as to whether this was the same offense for
which a conviction was had at the last term; and testi-
fied, that he was not examined as a witness on said trial,
nor was any one else examined,—the defendant having
pleaded guilty, and submitted to a fine of $20; also, that he
was not a witness before the grand jury; that he supposed
the game for which the defendant was indicted and con-
victed as aforesaid, was a game in which defendant, wit-
ness and one —— were engaged; that the three were
indicted, and defendant and witness pleaded guilty. Said
witness further testified to a game of cards played by de-
fendant and one —— at the same place, subsequently to
the game played by the three as aforesaid,—said game
between the two being the same game about which the
State had introduced the testimony hereinabove mention-
ed. This being all the evidence in the cause, the court
charged the jury, that if they believed the evidence, they
must find the defendant guilty; to which charge the de-
fendant excepted."

P. LOCKETT, for the prisoner.

M. A. BALDWIN, Attorney-General, contra.

A. J. WALKER, C. J.—The State neither moved to
strike out, nor demurred to the plea of former conviction,
nor in any other manner objected to it in the court below.
The record informs us that the defendant pleaded to the
indictment the pleas of not guilty and of former convic-
tion, and the trial was evidently had upon both pleas. It
would be neither a fair nor a just practice, for the court,

at the instance of the State, on appeal, to treat the plea of former conviction as a nullity. If the State had made the objection in the court below, the defendant might have remedied it. To allow it to be made here, after the plea has been treated in the circuit court as sufficient, would operate as a snare for the defendant.

[2.] Whether the offense for which the accused was prosecuted in this case was the same for which he had been previously convicted; was not conclusively determined by the record. It was a question as to which parol evidence was admissible, and was received. The record and parol evidence, when considered together, do not so conclusively show that the offense for which there had been a former conviction was not the same with that which the State prosecuted in this case, as to authorize the charge that the jury must, upon the evidence, find for the State.

Judgment reversed, and cause remanded.