(84 South. 860)

WHATLEY v. STATE. (5 Div. 321.)

(Court of Appeals of Alabama. Jan. 20, 1920.)

1. CRIMINAL LAW &#9882;&#9450;295 — CERTIFIED COPY OF OTHER PROCEEDINGS ADMISSIBLE UNDER PLEA OF FORMER JEOPARDY.

Where the defendant had filed a plea of former conviction, on which issue had been joined, it was error to exclude the warrant against accused and a certified copy of the judgment of conviction in the other court, though the evidence as to identity of the offenses was not conclusive.

2. CRIMINAL LAW &#9882;&#9450;161—FORMER JEOPARDY A DEFENSE.

The fundamental principle that no person shall for the same offense be twice put in jeopardy, stated in Const. 1901, § 9, is everywhere recognized as a law of right and equity.

3. CRIMINAL LAW &#9882;&#9450;198—SEPARATE GAMES IN MORNING AND AFTERNOON OF SAME DAY ARE SEPARATE OFFENSES.

Where accused engaged in a game during the forenoon, which had ceased, and in the afternoon of the same day, after a lapse of some hours, again engaged in a similar game in the same place, a conviction for participation in one game would be no bar to a prosecution for participation in the other.

4. CRIMINAL LAW &#9882;&#9450;161—PLEA OF FORMER CONVICTION AVAILABLE AS OFTEN AS SUBSEQUENT PROSECUTIONS ARE BEGUN.

There can be no limit to the number of times a plea of former jeopardy may be interposed; that is, a defendant, once convicted for an offense, may interpose the plea in every prosecution instituted against him thereafter for the same offense.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Will Whatley was convicted of gaming, and he appeals. Reversed and remanded.

James A. Hines, of Lafayette, for appellant.

The defendant was entitled to an acquittal under the pleadings and facts in this case. 120 Ala. 259, 24 South. 720; 109 Ala.

567, 20 South. 43; 119 Ala. 606, 24 South. 892; 8 Port. 465.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was a total failure of proof to support the plea, and the judgment should not be disturbed.

BRICKEN, P. J. The defendant was indicted for the offense of playing at a game of cards or dice, or some device or substitute for cards or dice, in a public place, to wit, in the courthouse of Chambers county, Ala. On the trial of the case in the circuit court, the defendant filed a plea of autrefois convict, setting up that he had once been in jeopardy for the identical offense of which he is now charged in this indictment, and that at the January term of the county court of Chambers county, Ala., the defendant was in due form arraigned and pleaded guilty to said offense charged against him by this indictment; that he had been put upon trial for this same offense in the county court, and that in said court he had been adjudged guilty, and a fine of $50 and the cost of the proceedings had been assessed against him, etc.

No demurrer or other objection was filed against this plea; to the contrary, the minute entry contained in this record recites that the state joined issue upon said plea, and upon the plea of not guilty, and by agreement of the state and the defendant both issues were tried together. Upon the trial of this case, there was no evidence offered as to any game in which the defendant participated, except the game which was played in the basement of the courthouse in the afternoon of the day in question; and the contention of the appellant is that only one game was played by him, and that this was the game for which he had been tried and convicted in the county court, as contended by him in his special plea to this effect.

[1] In addition to the oral testimony offered by defendant to prove his plea of former jeopardy, he undertook to offer in evidence the warrant against him in the county court, together with a certified copy of the judgment entered in the county court, showing conviction and pleas of guilty entered for said offense in the county court at the January term, 1918, thereof. On objection by state to the introduction of this evidence, the court refused to allow the defendant to introduce this testimony. In this action of the court there was error. Issue had been joined on this plea of the defendant, and the tendency of the evidence offered was to prove the plea. In fact, the best evidence that the defendant had been put upon trial for the offense, and that the trial had been terminated or had been brought to an actual end in a

court of competent jurisdiction, was the record itself, or, in the case at bar, a certified copy thereof. Underhill on Crim. Ev. § 195. Of course, the question as to whether or not the offense for which the defendant was prosecuted in this case was the same for which he had been previously convicted was not and could not be conclusively determined by the record itself. But it was for the jury to determine from this record, together with the parol evidence introduced upon the trial of the case, whether or not the offense here charged was the identical offense for which the defendant had formerly been adjudged guilty.

[2] It has been expressly held that, where the record and parol evidence, when considered together, do not so conclusively show that the offense for which there had been a former conviction was not the same with that which the state prosecuted in this case, the court would not be authorized to charge the jury upon the evidence to find for the state. Nonemaker v. State, 34 Ala. 211. "No person shall, for the same offense, be twice put in jeopardy. * * *" Const. 1901, § 9. This fundamental principle of law is everywhere recognized as a law of right and equity, and that its provisions are humane cannot be gainsaid.

[3] In the case at bar the real test will be upon another trial: Did the defendant play at a game of cards or dice, or some device or substitute for cards or dice, in the courthouse of Chambers county, more than once? If no, his plea of autrefois convict will have been sustained, and will be conclusive of further proceedings in this case. If, however, it is shown by the testimony, parol and written, as the case may be, that the defendant did participate in such game in the morning of the day in question, and there was a cessation of the morning game, and in the afternoon of the same day, after a lapse of some hours, the game of dice, etc., was again started in the basement of the courthouse of Chambers county, and the defendant also participated in that game, as a matter of course his plea of former jeopardy would be unavailing as a defense to the present indictment. The questions are solely for the determination of the jury.

[4] There can be no limit to the number of times a plea of former jeopardy may be interposed. To illustrate: If the defendant has been guilty of the commission of only one offense, and, notwithstanding this, a large number of indictments were afterwards presented against him for the same offense, a final determination of one of the cases in a court of competent jurisdiction would render a plea of autrefois convict or acquit, as the case may be, available to the defendant in each of the remaining cases against him for the same offense.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.