75 So.2d 88

**Lewis RELIFORD**

v.

**STATE.**

**8 Div. 337.**

Court of Appeals of Alabama.

Sept. 3, 1954.

See, also, post, p. 697, 75 So.2d 90.

Scruggs & Scruggs, Guntersville, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted for the unlawful possession of prohibited liquors. Appellant's sole insistence in brief is that the evidence was *insufficient to sustain* the conviction.

The State's testimony tends to show that on a morning in September, 1951, officers raided the farm where defendant was living with his wife and children. The search-

ing party found six gallons of whiskey about 100 yards behind the barn inside the pasture. The whiskey was in a five-gallon jacket can and a one-gallon glass jug. The defendant was at the barn with his two minor sons building a shed. He denied any knowledge of the whiskey. Eighteen empty five-gallon glass jugs in pasteboard cartons and two empty pasteboard cartons were found in the smokehouse. Fourteen five-gallon jacket cans and two five-gallon glass jugs of the same type as those in the smokehouse were found at the whiskey cache. There were also several holes in the ground large enough to hold a five-gallon can or jug. There was testimony that there were three trails in the pasture. There was a trail on the inside of each fence and another, made by both stock and human traffic, led through the barn by the place where the whiskey was found and continued 50 feet beyond the whiskey to a spring or branch in the pasture. The whiskey was partially covered by tree limbs and bushes. The house and barn were on the same side of the road and the house was 30 or 40 yards from the barn. There were three houses across the road, the nearest being 200 yards from defendant's house.

Defendant testified he was 40 years old and the father of five children. When the officers came to his place he was building a shed at the barn. Defendant's wife owned the farm. He had been living on the place with his family for two years and had never been in that part of the pasture where the whiskey was found. The officers asked him if he knew anything about the whiskey and he told them he did not. He stated there were ten brand new five-gallon jugs in sealed pasteboard boxes in his smokehouse. These were to be used to put syrup in. He had something like an acre in syrup cane.

Several character witnesses testified as to defendant's general good character and his good reputation for truth and veracity.

In considering the court's ruling on the motion to exclude the evidence we are required to take the evidence in its most favorable light for the prosecution. Jones v. State, 33 Ala.App. 451, 34 So.2d 483; Womack v. State, 34 Ala.App. 487, 41 So. 2d 429.

It is also a legal truism that when the evidence affords inference adverse to the accused the question is one for the determination of the jury. Emerson v. State, 30 Ala.App. 89, 1 So.2d 604; Hargrove v. State, 147 Ala. 97, 41 So. 972.

We are of the opinion the evidence submitted affords inference of defendant's guilt and that it was sufficient, if believed by the jury beyond a reasonable doubt, to sustain the judgment of conviction. Therefore, there was no error in denying the motion to exclude the evidence nor in overruling the motion for a new trial.

No reversible error appearing in the record, the judgment of the trial court is ordered affirmed.

Affirmed.