75 So.2d 90

### Ex parte Lewis RELIFORD.

### 8 Div. 555.

Court of Appeals of Alabama.

Oct. 4, 1954.

Starnes & Starnes, Guntersville, for petitioner.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

This is an application for leave to apply to the Circuit Court of Marshall County

for a writ of error coram nobis. Petitioner was convicted in that court for the illegal possession of prohibited liquors and the judgment of conviction was affirmed in this court on September 3, 1954. Reliford v. State, 75 So.2d 88.

The petitioner sets up that since the affirmance of the judgment in this court two other persons, Gilbert Smallwood and William D. Reliford, have voluntarily admitted that they placed the five-gallon jacket can of whiskey near defendant's barn a few nights before it was found there by the officers. The affidavits of these two persons are made a part of the petition. The affidavits set out that defendant did not know affiants placed the whiskey on his premises and did not give his permission for it to be placed there. Both affiants state they did not know defendant had been charged with or convicted of possession of this whiskey until after affirmance in this court.

The petitioner states that he has exercised reasonable diligence in ascertaining the facts surrounding his arrest, trial and conviction; that the facts set out in the petition and the affidavits were unknown to the court, the petitioner and his counsel at the time of the trial, and could not have been discovered by the exercise of due diligence.

In the case of Ex parte Fewell, 73 So.2d 558, 560, the Supreme Court stated: " * * * the mere existence of a confession of guilt by one other than the applicant for the writ of error coram nobis will not furnish a sufficient reason for its issuance. 24 C.J.S., Criminal Law, § 1606, p. 150; Powers v. State, 168 Miss. 541, 151 So. 730; People v. Vernon, 9 Cal.App. 2d 138, 49 P.2d 326; Sharpe v. Commonwealth, 284 Ky. 88, 143 S.W.2d 857."

The matters that may properly be presented in an application for authority to petition for writ of error coram nobis are such as if presented in the trial court would have prevented the rendition of the judgment challenged, and not such as may have caused a different result. Hysler v. State, 146 Fla. 593, 1 So.2d 628; Chesser

v. State, 92 Fla. 754, 109 So. 906; Stephens v. State, 36 Ala.App. 57, 52 So.2d 169.

We have reviewed the evidence set out in the record on appeal, since this court takes judicial knowledge of its own records. Ex parte Burns, 247 Ala. 98, 22 So.2d 517; Ex parte Fewell, 261 Ala. ——, 73 So.2d 558. The testimony of the State's witnesses was to the effect that in addition to the five-gallon jacket can there was a one-gallon glass jug of whiskey. Several holes of a size to hold a five-gallon jug were in the ground. Fourteen five-gallon jacket cans and two five-gallon glass jugs were at the place where the whiskey was found. Several cans and jugs of the same type were in the smokehouse.

Had Gilbert Smallwood and William D. Reliford testified on the trial of the case that they placed the five-gallon can of whiskey in the pasture, as set out in the application and the affidavit, in our opinion such testimony would not have prevented the rendition of the judgment, therefore, the petition is denied.

Petition denied.