**UNITED STATES of America ex rel. Albert R. HOUSE, Relator, Appellant,**

v.

**Edwin L. SWOPE, Warden, United States Penitentiary, Alcatraz, California, Appellee.**

No. 15085.

United States Court of Appeals, Fifth Circuit.

March 2, 1955.

Albert R. House, in pro per.

C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., Harrold Carswell, U. S. Atty., Tallahassee, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Appellant, movant below, was charged in two indictments, with Henderson and Lassiter, with burglarizing and stealing from the Post Office at Valparaiso, Florida, and in another, with Lassiter alone, with burglarizing and stealing from the Post Office at Freeport, Florida.

Tried and convicted on his plea of not guilty in the United States District Court for the Southern District of Florida, appellant was, on November 13, 1951, sentenced to terms in the penitentiary aggregating ten years. On March 29, 1954, he moved in the sentencing court under Sec. 2255, Title 28 U.S.C. "to vacate and

set aside or correct the sentence" imposed or grant to him "the writ of error coram nobis because of a gross infringement and deprivation of constitutional rights * * * viz., coercion of codefendants Jimmie Henderson and Ulas Lassiter; newly discovered evidence given by * * * codefendant Ulas Lassiter * * *."

Under the heads thus generally set forth, movant, descending to particulars, alleged in substance and at length: that he had no part in and was not guilty of the crimes charged against him; that, after his trial, one George Bryant, a federal officer at the penitentiary, told him that he had been railroaded; that Lassiter, a codefendant who had testified at length for him on his trial, had written him that Henderson's testimony implicating him had been induced by threats and promises, and that he, Lassiter, had been induced by fear not to take the stand in defendant's behalf in one of the cases.

The district judge, of the opinion that the petition was insufficient on its face to entitle petitioner to relief, denied the motion.

Appealing in forma pauperis, petitioner is here insisting that he was entitled to a hearing on the truth vel non of his allegations, and it was error to deny his motion without a hearing.

The United States, on its part, urges upon us: that, taking the allegations at their best for petitioner, all that they amount to is an effort to retry the merits of his case by a claim of newly discovered evidence; and that such matters are not cognizable under a motion for Section 2255 relief, or in the nature of a writ of error coram nobis, but only under a motion for new trial in accordance with Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C. Cf. Brant v. United States, 5 Cir., 210 F.2d 470.

The United States, in short, citing many cases,[1] urges upon us that the grounds for which Sec. 2255 supplies a remedy are limited to those which may be asserted in a collateral attack upon a judgment, while all of the matters relied upon by petitioner in his motion are in the nature of newly discovered evidence as to the use of alleged perjured evidence or of the alleged insufficiency of the evidence, none of which may be asserted in a collateral attack.

We find ourselves in complete agreement with these views. The judgment dismissing the motion was right. It is affirmed.

[1]. "Motion under statute to vacate sentence lies only where sentence is void or otherwise subject to collateral attack. Bloombaum v. U. S., 4 Cir., 211 F.2d 944. See also Taylor v. U. S., 4 Cir., 177 F.2d 194; Crowe v. U. S., 175 F.2d 799; Birtch v. U. S., 4 Cir., 173 F.2d 316, 317; United States v. Riccardi, 3 Cir., 188 F.2d 416; United States v. Gallagher, 3 Cir., 183 F.2d 342, 344.

"Under statute authorizing motions for correction of sentence, motion papers must contain more than mere conclusionary allegations of innocence and of a miscarriage of justice to entitle prisoner to relief. United States v. Pisciotta, 2 Cir., 199 F.2d 603.

"Only where sentence is void or otherwise subject to collateral attack may attack be made by motion under statute to vacate, set aside, or correct sentence, under statute which was enacted to take place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus. Hastings v. United States, 9 Cir., 184 F.2d 939. See also Keto v. United States, 8 Cir., 189 F.2d 247; Taylor v. U. S., 4 Cir., 177 F.2d 194; Crowe v. U. S., 4 Cir., 175 F.2d 799; Howell v. U. S., 4 Cir., 172 F.2d 213; United States v. Kranz, D.C., 86 F.Supp. 776."