81 So.2d 893

**William Sidney SIMPSON**

v.

**STATE.**

**7 Div. 343.**

Court of Appeals of Alabama.

Aug. 9, 1955.

Beddow & Jones, Birmingham, Love & Hines, Talladega, and Jas. H. Sharbutt, Childersburg, for appellant.

220

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been found guilty of assault and battery under an indictment charging him with assault with intent to murder.

The evidence presented by the State tended to show that on the night of 24 October 1953 Mr. and Mrs. Ed Donahoo, Mr. and Mrs. Frank Butts, and Mrs. Ada Lee Kelso were guests at a dinner party in the home of Agnes Hamilton, in Childersburg. Mrs. Donahoo was Mrs. Hamilton's sister.

Drinks were served before the meal, some of the guests stating they had two drinks, some one, though it appears Mrs. Kelso did not take any.

About ten o'clock the appellant was admitted to the house by Mrs. Hamilton upon his request to use the telephone. When he was identified as Bill Simpson by Mrs. Donahoo the two women asked him to leave, it being inferable from the record there had been some prior difficulty between appellant and Mrs. Donahoo.

Upon appellant showing reluctance to leave Mrs. Donahoo and Mrs. Hamilton caught him by the arms and escorted him to the front door. There the appellant refused to go further.

At this time Mr. Donahoo approached. According to one or more of the State's witnesses the appellant cursed Mrs. Donahoo and was in the process of striking her when Mr. Donahoo intervened and pushed or knocked the appellant out of the door.

The appellant and Donahoo struggled into the yard and a general melee ensued, several other parties joining in the fracas.

Donahoo and appellant were fighting on the ground. Mrs. Donahoo screamed to her husband that he was cut, and catching appellant by the coat she swung him around. At this time she saw a knife flash in appellant's hand and she received cuts about the face for which she was later hospitalized.

Clarence Lucas who lived across the road and was a friend of appellant arrived during the fight and engaged in it, and was observed to have a knife.

The evidence presented by the appellant was directed toward showing that earlier during the night the appellant, William Southerland, and Lucas had been riding around in an automobile that appellant was trying out. He drove to Lucas' home to let him out, and just as he was nearing Lucas' house he discovered one of the tires going flat. He backed the car into Lucas' driveway and asked to use a phone to call for a repairman, there being no jack in the car. Lucas told him he did not have a phone and to use a neighbor's. Appellant walked across the road to the Hamilton house.

There, according to appellant he was admitted by Mr. Donahoo, who informed him he would have to ask Mrs. Hamilton if he could use the phone. When he was observed by Mrs. Donahoo she began cursing him, being joined by Mrs. Hamilton. Mrs. Donahoo was carrying a tray of drinks which she threw in his face. Appellant was blinded and reached for the screen door. When he did this he was struck on the back of his head, and staggered onto the porch, Donahoo following him. In a short while the general melee in the yard occurred.

Appellant, and his witnesses, denied that appellant had at any time had a knife.

After the defense had rested the State, over appellant's objection, was permitted to examine as a witness Mr. Ernest Hardagree, a Highway Patrolman.

Mr. Hardagree testified that on the night in question, between 7:00 and 8:00 o'clock, but nearer 8:00 o'clock, he had occasion to stop a car in which the appellant was riding. He talked to the appellant some two or three minutes. Over appellant's objection this witness was permitted to testify that at that time he smelled alcohol on appellant's breath.

This would be some two to two and a half hours before the difficulty at the Hamilton home.

Counsel for appellant argue strenuously that the court erred in admitting such evidence in that it was immaterial because of remoteness in time and place.

We pretermit the question of whether the lapse of time rendered such evidence remote and immaterial, for we think that if such immateriality existed, the State was entitled to introduce such evidence in rebuttal to like evidence introduced by the appellant.

█ In this connection the record shows the following during the direct examination of the appellant, after he had already testified that he, Lucas, and Southerland had driven from his home to Lucas' home:

"Q. Now what was your condition as to sobriety? A. I was sober.

"Q. Had you been drinking? A. I had not."

The testimony of the highway patrolman therefore tended to contradict the testimony of the appellant in this aspect, and was therefore admissible, even though it be argued that the testimony of the officer be immaterial, for if immaterial evidence is admitted in behalf of one party, similar evidence is admissible to rebut it. See 9 Ala. Dig., Evidence, ⊜155(5) for innumerable authorities.

Several grounds of appellant's motion for a new trial assert that a member of the jury was improperly approached, and talked with, by Fountain Donahoo, a brother-in-law of one of the prosecuting witnesses.

At the hearing on the motion for a new trial four witnesses testified for appellant to the effect that they overheard a conversation between Donahoo and Millard Sims, who was foreman of the jury. The conversation took place during a luncheon recess, near a water fountain in the corridor of the court house.

In substance these witnesses testified that Donahoo had asked Sims: "Well how's it going?," and Sims had replied: "We are going to have to have more evidence to convict Bill Simpson," or that Sims replied: "Looks like we are going to have some help, need some help, or there'll be a mistrial."

In rebuttal the State called Donahoo and Sims as witnesses.

Each denied ever having known the other, and categorically denied that the alleged conversation had taken place, or that they had ever on any occasion conversed with each other.

█ Upon such unreconcilable conflict in the evidence it became the duty of the trial judge to exercise his reasonable discretion in weighing the evidence and making his decision thereon. His conclusions will not be disturbed in the absence of an abuse of discretion. After reading the evidence we would be without justification in declaring that the trial court had abused its discretion in denying the motion for a new trial on the grounds asserted. Adams v. State, 32 Ala.App. 367, 26 So.2d 216; Green v. State, 252 Ala. 513, 41 So.2d 566.

Affirmed.

BONE, Judge, recuses self.