**William Lee SMOTHERS**

v.

**STATE.**

**6 Div. 420.**

Court of Appeals of Alabama.

Nov. 5, 1957.

Edw. L. Ball, Bessemer, for appellant.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for State.

John Patterson, Atty. Gen., Bernard F. Sykes and Geo. Young, Asst. Attys. Gen., for the State.

Rogers, Howard & Redden, Birmingham, for appellant.

HARWOOD, Presiding Judge.

This appellant has been found guilty, and adjudged guilty, under an indictment charging that he "did own a pistol or have one

in his possession or under his control having theretofore been convicted in this State of a crime of violence, namely robbery against the peace and dignity of the State of Alabama."

The evidence presented by the State tends to show that on 30 September 1955 the appellant was arrested in Leeds, Alabama, while driving an automobile.

Over appellant's objection testimony was elicited from the arresting officers that at the time of his arrest there were on the seat beside the appellant three yellow masks, "like a Halloween mask that covered your face," and a pair of rubber surgical gloves.

Upon further search of appellant's automobile a locked metal box was found in the trunk compartment. This box was unlocked by appellant with a key appellant had in his possession. In the box were two loaded pistols, and a box of cartridges.

Mrs. Lillian Purvis, Minute Clerk on the staff of the Circuit Clerk of Jefferson County, testified that she prepared the minutes of the Circuit Court of Jefferson County for the 1948 January term of that court. Over appellant's objection Mrs. Purvis was permitted to read the Criminal Minutes which showed that in 1948 this appellant had been found guilty on five separate charges of robbery.

These records were never introduced into evidence.

The State also introduced as a witness Mr. Clyde Coupland, a bailiff of the Circuit Court, who, over appellant's objection, was permitted to testify that he was present in court on 7 June 1948, at which time this appellant plead guilty to five cases of robbery.

The defense presented as a witness Mrs. Mary L. Reid. By appropriate questions the defense sought to obtain testimony from this witness to the effect that she had been employed by the appellant in September 1955 in a variety store he operated in Montgomery; that Halloween masks and rubber gloves such as those found in appellant's automobile were carried in stock in the store; that on 18 September 1955 the stock was moved from the store and masks and rubber gloves similar to those found in appellant's automobile on 30 September 1955 were placed in his automobile.

The State's objections to each and every such question addressed to Mrs. Reid were sustained.

Likewise, the State's objections to similar questions addressed to defense witness Howard Bruce Hinds were sustained, it having been first shown that Hinds operated a small grocery store on Bainbridge Street in Montgomery.

The court stated that he though that evidence along the lines sought from Mrs. Reid and Mr. Hinds was inadmissible, and after these witnesses had been presented appellant's counsel announced that in view of the court's ruling he would not present several more witnesses he had who would testify to facts sought to be shown by the witnesses Reid and Hinds.

The defense also offered as a witness Reuben Smothers, a brother of the accused, who testified to the effect that he was the owner of the pistols found in the box in the appellant's car; that he had placed the box and pistols in the car a short while before appellant's arrest and had failed to tell his brother of the pistols in the hurry of returning the automobile to the appellant.

The rulings of the court in connection with the witnesses Reid and Hinds were erroneous in that they prevented the accused from showing matters material to his defense.

The State, over appellant's objections, having shown the presence of the masks and gloves in appellant's automobile at the time of his arrest, it was clearly the basic right of the accused to offer evidence tending to explain, excuse, or justify

the presence of such articles, the weight and credibility of such evidence being for the jury. See Champion v. State, 35 Ala. App. 7, 44 So.2d 616, and cases therein cited; Sovereign Camp, W. O. W. v. Gunn, 224 Ala. 444, 140 So. 410.

In the event of another trial we think it proper to observe that at least one member of this court is of the opinion that evidence showing the presence of the masks and gloves in the appellant's automobile is inadmissible in that it is immaterial to the issue of whether the appellant was the owner, or in possession, of a pistol after having been convicted of a crime of violence.

We have not certified this point to the Supreme Court, it not being necessary to a decision in this case, the judgment having to be reversed on other grounds.

■ Be that as it may, even if such evidence be viewed as immaterial, it cannot affect our conclusions that error infected the court's rulings in connection with the witnesses Reid and Hinds since the appellant had the right to rebut evidence offered against him, be it relevant or irrelevant. Longmire v. State, 130 Ala. 66, 30 So. 413; Craven v. State, 22 Ala.App. 39, 111 So. 767; Simpson v. State, 38 Ala. App. 219, 81 So.2d 893.

■ Also, in event of another trial we wish to note in connection with the testimony of Mrs. Purvis, the Minute Clerk, and Mr. Coupland, the bailiff, that prior convictions can be shown only by the court records of such convictions, or by certified copies of such records, or by the testimony of the convict himself. Such prior convictions cannot be established by the oral testimony of another. Wright v. State, 38 Ala.App. 64, 79 So.2d 66.

■ As before stated, the records from which Mrs. Purvis read were not introduced. They were not before the jury, and of course are not before us. The Attorney General argues that the court below could take judicial notice of its own records.

While a court, in certain circumstances, can take judicial notice of its own records, we are here considering a trial by a jury under an indictment charging ownership or possession of a pistol after having theretofore been convicted of a crime of violence. The prior crime of violence being an essential ingredient of the offense charged, evidence of such must be presented to the jury in the form required if that body is to reach its conclusion from the evidence presented.

Numerous other points are pressed in appellant's brief as constituting error in the trial below. Concluding that the errors permeating the record in connection with the court's rulings during the examination of the witnesses Reid and Hinds compel a reversal of this judgment, we pretermit a consideration of such points in that they are not likely to arise in another trial of this case.

Reversed and remanded.