261 So.2d 451

**Edward JONES**

**v.**

**STATE.**

**1 Div. 259.**

Court of Criminal Appeals of Alabama.

March 14, 1972.

On Rehearing April 11, 1972.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State.

CATES, Judge.

This cause is remanded to the Circuit Court for a further hearing as to whether or not the appellant, before pleading guilty, had been informed as to the minimum and maximum punishment for

grand larceny. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

Remanded with directions.

PRICE, P. J., and ALMON and TYSON, JJ., concur.

## ON REHEARING

CATES, Judge.

 The Attorney General has called our attention to *Jones*, (1 Div. 257, affirmed April 4, 1971, without opinion) wherein on the same day of the plea of instant concern the defendant also entered a guilty plea to another indictment for a separate crime of grand larceny. Therein the *Boykin* colloquy specifically covered three separate indictments, Circuit Court No. 23,914 (here involved), No. 24,251 (in *Jones*, 1 Div. 257, supra) and No. 23,913 (in *Jones*, 1 Div. 258, affirmed this day without opinion).

The colloquy in 1 Div. 257 shows in pertinent part:

"THE COURT: Now did you understand in the last case, the grand larceny case, that your punishment would be from one to ten years?

"DEFENDANT: Yes, sir.

"THE COURT: Do you understand what the punishment is in these cases?

"DEFENDANT: Yes, sir.

"THE COURT: In each grand larceny case the punishment is what?

"DEFENDANT: One to ten.

"THE COURT: One to ten? And that's in—where is that?

"DEFENDANT: (No response.)

"THE COURT: Where would the imprisonment be?

"DEFENDANT: Where at?

"THE COURT: Where would you be imprisoned?

"DEFENDANT: Atmore.

"THE COURT: In Atmore? The State penitentiary?

"DEFENDANT: Yes, sir."

We consider the foregoing relevant to the appeal sub judice because this court, as did the former Court of Appeals, takes judicial notice of its own records.[1] Ex parte Reliford, 37 Ala.App. 697, 75 So.2d 90.

We wish to thank the Assistant Attorney General for catching our coattail ere we went over the brink into folly.

The application for rehearing is hereby granted and upon reconsideration the judgment of conviction based on appellant's plea of guilty is hereby

Affirmed.

PRICE, P. J., and ALMON and TYSON, JJ., concur.

---

1. Where the law requires an essential component item of proof to be laid before a trier of fact the principle does not obtain.

Compare Ex parte Reliford, 37 Ala.App. 697, 75 So.2d 90, with Smothers v. State, 39 Ala.App. 292, 98 So.2d 66.