**Calvin CLARK, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 73–1038.**

United States District Court,
W. D. Pennsylvania.

Feb. 5, 1974.

As Amended March 22, 1974.

Calvin Clark, pro se.

James A. Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for the U. S.

### MEMORANDUM AND ORDER

MARSH, Chief Judge.

On May 27, 1968, petitioner, Calvin Clark, was convicted by a jury of violating the then existing narcotic laws, 21 U.S.C. § 174 and 26 U.S.C. § 4704(a).[1] This conviction was affirmed on appeal. United States v. Clark, 425 F.2d 827 (3rd Cir. 1970), cert. denied 400 U.S. 820, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). Petitioner, proceeding *pro se,* is presently before the court on his third petition for post-conviction relief.[2] In the current petition he moves the court to vacate his sentence and, on the basis of newly discovered evidence, to grant a new trial pursuant to a writ of error coram nobis. A rule to show cause why an evidentiary hearing should not be held was issued and heard, and on January 8, 1974, the government moved to dismiss petitioner's action. We think petitioner's motion should be denied and the government's motion to dismiss should be granted.

The following factual background is necessary to understand petitioner's present contention:

At his original trial petitioner was positively identified by two Pittsburgh police officers as the man they had stopped and questioned concerning a brown paper bag they had seen him carrying in the vicinity of Dahlem and Railroad streets on the evening of March 15, 1967. The man the officers stopped acknowledged the existence and possession of a brown paper bag, admit-

1. These statutes were repealed effective May 1, 1971.

2. On November 2, 1970, petitioner filed a "Motion for Order to Show Cause Why Judgment of Conviction Should Not Be Vacated" which the moving papers show was made pursuant to Rule 33, F.R.Crim.P. An evidentiary hearing was held on November 17, 1970 at which petitioner and his counsel were present. This motion was denied and the denial was affirmed on appeal. United States v. Clark, 454 F.2d 1056 (3rd Cir. 1972). On December 4, 1972, petitioner filed a *pro se* motion which was treated as a motion to vacate under § 2255, 28 U.S.C. An evidentiary hearing was held on April 4, 1973 at which petitioner and his counsel were present. This motion was denied D.C., 364 F.Supp. 714 and an appeal was taken, but withdrawn and then renewed. The current petition was filed December 5, 1973.

ted he had discarded it, pointed out the general area where he purported to have thrown the bag, and helped the police conduct an unfruitful search for the bag in that area. The man first told the officers the bag contained sandwiches for his wife, then recanted and said the bag contained garbage. Shortly after releasing the man with a warning not to litter, the officers, perplexed by their inability to find the bag, returned to the area, retraced the man's footprints in fresh snow, and found a brown paper bag. In the bag were two wax cartons, and in the cartons were 347 glassine packets containing a substance later identified as heroin. Petitioner's fingerprints were found on three of these glassine packets.[3]

In support of his newly discovered evidence contention petitioner has filed the sworn affidavits of one James McDaniel, and of his twin-brother, Alvin Clark, which if believed, rebut the above facts in several material aspects. In one affidavit James McDaniel avers that he drove Alvin Clark, petitioner's twin-brother, to the vicinity of Dahlem and Railroad streets on the evening of March 15, 1967. In another affidavit Calvin's twin-brother, Alvin, corroborates McDaniel's affidavit and avers that after he left McDaniel's car, and while in the vicinity of Dahlem and Railroad streets, he was stopped and questioned by two police officers concerning a bag; that he told the officers "I didn't have any bag in my hand"; and that they searched and released him. We do not question that the affidavit of Calvin's twin brother, if true, destroys the in-court identification of the police officers of Calvin as the man they saw on March 15, 1967, and that such evidence would be material to a determination of petitioner's guilt or innocence.

■ First, while petitioner has styled his present action as being one for a writ of error coram nobis, since petitioner is presently in federal custody, we believe his action properly should be treated as a motion under 28 U.S.C. § 2255.[4] Burns v. United States, 210 F. Supp. 528 (W.D. Missouri 1962), aff'd. 321 F.2d 893 (8th Cir. 1963); Cf. United States v. Brown, 413 F.2d 878 (9th Cir. 1969). Section 2255, by its terms, applies to all prisoners serving federal sentences who claim their sentences are "subject to collateral attack." See: Kyle v. United States, 297 F.2d 507, 511 at f. n. 1 (2nd Cir. 1961). Petitioner has totally exhausted all appellate procedures, and we believe his present motion is the type of collateral attack to which the procedure set out in § 2255 is applicable,[5] and that in the circumstances of this case, coram nobis and § 2255 are substantively equivalent alternative remedies.[6] Cf. Laughlin v. Unit-

---

3. For a complete recital of the facts presented at petitioner's original trial see United States v. Clark, 294 F.Supp. 1108, 1109–1111 (W.D.Pa.1968).

4. Since the Supreme Court's holding in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that the writ of error coram nobis was authorized in Federal Court under the All-Writs Statute, 28 U.S. C. § 1651(a), the writ has been exclusively used by defendants who have not yet commenced serving their sentences or have completed service of their sentences. See: United States v. Keogh, 391 F.2d 138 (2nd Cir. 1968); United States v. Cariola, 323 F.2d 180 (3rd Cir. 1963); Thomas v. United States, 106 U.S.App.D.C. 234, 271 F.2d 500, 504 (1959); See also: Mathis v. United States, 369 F.2d 43 (4th Cir. 1966); Johnson v. United States, 344 F.2d 401 (5th Cir. 1965).

5. See: United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952) where the Supreme Court at pages 216–217, 72 S.Ct. at p. 271 cited with approval the following statement to Congress on behalf of the Judicial Conference Committee on Habeas Corpus Procedure:

"This section [the forerunner to § 2255] applies only to Federal sentences. It creates a statutory remedy consisting of a motion before the court where the movant has been convicted. The remedy is in the nature of, but much broader than, coram nobis. The motion remedy broadly covers all situations where the sentence is 'open to collateral attack.' As a remedy, it is intended to be as broad as habeas corpus."

6. Numerous cases have treated petitions for coram nobis relief under § 2255. See: Smith v. United States, 309 F.2d 165 (9th Cir. 1962); Hilderbrand v. United States,

ed States, 154 U.S.App.D.C. 196, 474 F. 2d 444, 451 (1972). Considering the petition under § 2255 we have concluded that "the motion and the files and records conclusively show that the prisoner is entitled to no relief" and, accordingly, an evidentiary hearing is not required.

The theory presented by petitioner in his petition and affidavits—i. e., that his twin-brother was really the guilty party [7]—is not new to this case. At his original trial in May, 1968, petitioner took the witness stand in his own defense and identified his twin-brother Alvin (Trial Tr. p. 520), who was present in court but did not testify.[8] Petitioner testified that he had purchased the glassine packets for his brother, Alvin. He explained that his fingerprints got on some of these packets when he picked them up after they spilled from their box. He testified that he had delivered the packets to Alvin empty; that he knew nothing about the heroin "someone" subsequently placed in them. Obviously, the "newly" discovered material set forth in the affidavits relates to an issue clearly decided against petitioner at his original trial, and his petition amounts to an effort to obtain a retrial on that issue at which, perhaps, he could now call Alvin and McDaniels.

■■■ Because more than two years have elapsed since petitioner exhausted the appellate process and his conviction became final, we agree with him that a motion based on newly discovered evidence under Rule 33, Fed.R.Crim.P., is untimely.[9] However, we disagree with petitioner that his petition for coram nobis relief, which as stated above we treat under § 2255, is an adequate substitute for a timely Rule 33 motion. We have found no case, nor do we believe one exists, which would entitle petitioner to a hearing and determination of the merits of his petition in a collateral proceeding under either § 2255 or a writ of error coram nobis. To the contrary, it appears well established that newly discovered evidence, even in the form of a confession of another is not grounds for either type of relief.[10]

For this reason alone, petitioner is not entitled to a hearing on his allegations at this late stage of the proceedings, and his sole remaining recourse for relief because of "newly" discovered evidence is an appeal to executive clemency. *Cf.* Hauck v. Hiatt, 141 F.2d 812 (3rd Cir. 1944).

■■ Moreover, even if petitioner's motion was timely and could be considered under Rule 33, Fed.R.Crim.P., the "newly" discovered evidence alleged, coming as it does largely from petitioner's brother Alvin after the statute of limitations has run, is inherently suspect and entitled to little weight. This con-

304 F.2d 716 (10th Cir. 1962); United States v. Rutkin, 212 F.2d 641, 643 (3rd Cir. 1954) where the Third Circuit referred to § 2255 as the "statutory successor" of coram nobis.

7. The affidavit of Alvin is far from a confession since he does not admit having possessed the bag containing the glassine packets of heroin, but in light of the other evidence in the case, Alvin's admissions certainly would be enough for the jury to find that he had in fact possessed the bag.

8. Alvin and Calvin stood before the jury. (Trial Tr. p. 562)

9. See paragraph two of petitioner's motion wherein he states: "That this newly discovered evidence is untimely under Rule 33, F. R.C.P. * * *."

10. As to coram nobis relief, see the following state cases: Fast v. State, 221 So.2d 203 (Ct. App.Fla.1969); Ex parte Fewell, 261 Ala. 246, 73 So.2d 558, 561 (1954); Ex parte Reliford, 37 Ala.App. 697, 75 So.2d 90, 91 (1954); Smith v. State, 200 Ark. 767, 140 S.W.2d 675 (1940); People v. Vernon, 9 Cal.App.2d 138, 49 P.2d 326 (1935); Powers v. State, 168 Miss. 541, 151 So. 730 (1933); Sharpe v. Commonwealth, 284 Ky. 88, 143 S.W.2d 857 (1940); *Cf.* Madison v. State, 109 A.2d 96 (Ct.App.Md.1959); Tyson v. Warden, Maryland Penitentiary, 198 Md. 652, 80 A.2d 613 (1951). As to § 2255 see: United States v. Swope, 219 F.2d 538 (5th Cir. 1955), rev'd on other grounds 350 U.S. 945, 76 S.Ct. 324, 100 L.Ed. 824 (1956); Kaplan v. United States, 101 F.Supp. 7 (N.D.Texas 1951); *Cf.* Shaver v. Ellis, 255 F.2d 509 (5th Cir. 1958); Hauck v. Hiatt, 141 F.2d 812 (3rd Cir. 1944).

clusion is strengthened by the fact that the affidavit of Alvin conflicts significantly with the trial testimony of the two police officers who testified they stopped the petitioner on the night of March 15, 1967. The affidavit of Alvin does not mention that when stopped he told the officers he had discarded the bag and helped them try to locate it; but rather, Alvin's version is that he categorically denied knowledge of any bag. The affidavit of petitioner's brother, Alvin, obviously cannot be reconciled with the trial testimony of the two officers, who did not know the petitioner, and had no apparent motive to fabricate a story which would unjustly incriminate him. This, combined with the fact that Alvin was present and available at the trial, and if petitioner had exercised due diligence, Alvin's testimony could then have been submitted to the jury, leads to the conclusion that even under Rule 33 petitioner would not be entitled to a hearing on his present allegations. United States v. Bujese, 371 F.2d 120, 125 (3rd Cir. 1967).

In addition, it appears from the affidavit accompanying the petition that petitioner was aware of the "newly discovered evidence" prior to the Rule 33 hearing on November 17, 1970, and the § 2255 hearing on April 4, 1973.[11] His failure to call this known evidence to the attention of the court at either former hearing bars him from now offering it at another hearing. It is to be observed that in neither of his former petitions under Rule 33 and § 2255 does he allege that his brother, Alvin, was the man the police stopped on March 15, 1967. That he would have known of this information for over three years and fail to allege it in either of his former petitions is not only indicative of a recent fabrication, but also, if true, is patently inexcusable, barring any relief.

An appropriate order will be entered.

---

11. See affidavit to petitioner's motion, pages 2–3.