The appellant was convicted for the possession of marijuana in violation of the Alabama Uniform Controlled Substances Act. Judgment and sentence by the trial court were properly entered and punishment was fixed at five years in the state penitentiary. The appellant is represented by retained counsel both at trial and on appeal.
On March 9, 1976, the appellant was arrested for the sale of marijuana. On the morning of the following day, an enforcement agent for the Alcoholic Beverage Control Board, State of Alabama, obtained a warrant to search the room of the appellant and certain junk cars located on property owned by the father of the appellant. The search warrant was executed that same morning and a search of the room of the appellant produced ten small bags of marijuana located in a dresser drawer under some of the appellant's clothes. A state toxicologist properly identified the marijuana.
The appellant testified that he had never seen the marijuana and had no knowledge of its presence in his room. A lady who kept house for the Williamses while the appellant's mother was disabled testified that she had had an opportunity to observe the drawer where the marijuana was found and that she did not notice it prior to the search conducted by the ABC agent.
On appeal the appellant presents two questions for our review: The propriety of the action of the trial court in overruling (1) his plea of autrefois convict and (2) his motion for a new trial based on the misconduct of two jurors.
 I
The arrest of the appellant on March 9, 1976, for the sale of marijuana resulted in his conviction of a violation of the Alabama Uniform Controlled Substances Act with a sentence of five years and a fifteen hundred dollar fine. This conviction involved the sale of one "lid" of marijuana which was made from the automobile of the appellant. The conviction of the appellant presently on appeal before this court involves ten "lids" of marijuana recovered from the room of the appellant the following day under a search warrant.
The indictments in each of these two cases were returned by the same grand jury and each charged the appellant with the unlawful possession, sale, furnishing or giving away of marijuana. The appellant alleges that because the indictments were identical, because they were returned on evidence obtained from one investigation, and because both incidents constitute but one transaction and a single crime, his plea of autrefois convict was due to be granted. *Page 1115 
This contention of the appellant is invalid for a number of reasons. The plea was untimely filed as the record indicates that a plea of not guilty had previously been entered. Stewardv. State, 55 Ala. App. 238, 314 So.2d 313, cert. denied,294 Ala. 201, 314 So.2d 317 (1975); Gandy v. State, 42 Ala. App. 215, 159 So.2d 71, cert. denied, 276 Ala. 704, 159 So.2d 73, cert. denied, 377 U.S. 919, 84 S.Ct. 1185, 12 L.Ed.2d 188
(1963).
Even had the plea been timely filed it was due to be overruled. A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. Racine v. State,291 Ala. 684, 286 So.2d 896 (1973). This doctrine is too well established to require a further recitation of authority. 6 Alabama Digest, Criminal Law, 195 (1). A sale of marijuana from an automobile on one day is a totally different offense and transaction, both in law and in fact, from the possession of marijuana in a house the following day. Applying the test of identity of offenses for purposes of former jeopardy, it is clear that the evidence necessary to sustain the second indictment would not have been sufficient to secure a conviction on the first. Gandy, supra. Although the indictments contained the identical charging language, the same testimony would not support both charges. State v. Johnson, 12 Ala. 840, 46 Am.Dec. 283 (1848). The appellant could not have been convicted under the first indictment (involving sale) on proof of facts averred in the second (involving possession at a different time and place). See Whatley v. State, 17 Ala. App. 330,84 So. 860 (1920). For these reasons, the plea of autrefois convict or former jeopardy was properly overruled.
The second issue presented by the appellant is whether the trial court erred in overruling the motion for a new trial. This motion was based on the alleged highly improper activity of two members of the jury during the deliberations of that body.
At a hearing on the motion for new trial the appellant produced the testimony of one Dianne Cook, a juror, who stated that (1) while the attorneys and the trial judge were out of the courtroom, a female juror left the jury box and walked to the door of the courtroom, (2) that while the jury was in the jury room deliberating, one juror, Janet Bugler, left the jury room for two or three minutes and when she returned Ms. Bugler told the other jurors that, "They said that you cannot get fingerprints off plastic bags." (3) Ms. Cook also testified that one juror knocked on the jury room door and said to the bailiff, "Tell the Judge that we can't come to a decision" after about forty-five minutes to an hour after the jury's deliberation had begun. The bailiff then said, "There is no need for you to come out right now. You might as well go back in and deliberate some more. You come out with an answer one way or the other." Shortly after this the jury reached a verdict.
In rebuttal the state presented the testimony of juror Janet Bugler. She denied any misconduct and stated that she did tell the bailiff that the jury was deadlocked. She stated that she did not remember asking anyone about fingerprints on a plastic bag.
We have carefully reviewed the testimony presented on the motion for new trial. Viewing the scarcity of proof as to what actually transpired insofar as the appellant's trial might have been prejudiced by incident number one above, we would not be justified in disturbing the lower court's denying the motion.Hutchens v. State, 45 Ala. App. 507, 232 So.2d 687, cert. denied, 285 Ala. 755, 232 So.2d 700 (1970); Dean v. State,54 Ala. App. 270, 307 So.2d 77 (1975); Hawkins v. State, 267 Ala. 518, 103 So.2d 158 (1958). Although the testimony was conflicting, we find that the trial judge exercised his reasonable discretion in weighing the evidence and making his decision thereon. Simpson v. State, 38 Ala. App. 219,81 So.2d 893 (1955). In reviewing the refusal of a motion for a new trial, this court will indulge every presumption in favor of the correctness of the ruling of the trial judge. The decision on the motion rests largely within his discretion. Clark v. *Page 1116 State, 54 Ala. App. 217, 307 So.2d 28 (1975); Parks v. State, Ala.Cr.App., 333 So.2d 906, cert. denied, Ala., 333 So.2d 912
(1976). From the evidence presented we do not feel that the appellant was probably or plausibly prejudiced by the alleged misconduct of the jury.
This court has carefully reviewed the entire record as required by law and finding no error it is the opinion of this court that the judgment of conviction is due to be and is hereby
AFFIRMED.
All Judges concur.