Frank Edward Peoples, the appellant, pleaded guilty to, and was convicted of, the unlawful possession of cocaine. He was fined $5,000 and was sentenced to 10 years' imprisonment. On this direct appeal of that conviction, he contends that his guilty plea was invalid because 1) he was not advised of his right to plead not guilty due to mental disease or defect and that the State had the burden of proving his guilt beyond a reasonable doubt, 2) because he was not advised of the range of punishment, and 3) because there was no factual basis established for the acceptance of the guilty plea.
Nowhere in the record is there any evidence that the appellant was advised of the minimum and maximum punishment. The "motion to enter a guilty plea" form is incomplete and the portion of the form stating the range of punishment is blank. C.R. 35. The range of punishment was not mentioned during the guilty plea colloquy. The Attorney General candidly admits that "there is no indication in the record that the Appellant was told of the possible minimum or maximum sentence." Appellee's brief at 11.
One judge adjudicated the appellant guilty and another judge sentenced him. The failure to inform the appellant of the range of sentence was raised at the time of sentencing in the form of an objection by defense counsel, calling the sentencing judge's attention to the fact that the "Ireland form"[1] was silent on the range of punishment. The prosecution remained silent in response to defense counsel's objection. However, without making any inquiry, the sentencing judge concluded:
 "I have to believe that [the judge who accepted the guilty plea] followed the normal requirements of the colloquy at the time he took the plea and I'll let the record speak for itself. I don't have a copy of the transcript of the proceeding, but I will rely on [that judge's] judgment in that respect." Sentencing R. 6-7.
No motion to correct the record has been filed and there is no indication that any portion of the guilty plea proceedings is absent from the record.
It is undisputed that "the failure to inform a criminal defendant of the minimum and maximum sentencing possibilities constitutes a defect in the guilty plea that goes to the voluntariness of the plea and subjects it to a collateral challenge under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969)." Bennett v. State, 649 So.2d 214, 215
(Ala. 1994) (footnote omitted). "Since Carter v. State, [291 Ala. 83, 277 So.2d 896 (1973)], this Court and the Court of Criminal Appeals have consistently held that *Page 1126 
a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea." Ex Parte Rivers,597 So.2d 1308, 1309 (Ala. 1991). In Gordon v. Nagle, 647 So.2d 91, 93-95
(Ala. 1994), the Alabama Supreme Court stated:
 "Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), established the procedural due process requirements that must be met before a guilty plea can be considered to have been voluntarily and intelligently entered. . . .
". . . .
 "The procedural requirements of Boykin have been incorporated into the Alabama Rules of Criminal Procedure at Rule 14.4.
 "Subsequent to Boykin, the Alabama appellate courts held that in order to enter a knowing and valid guilty plea, the defendant must be informed on the record of the maximum and minimum possible sentences. In Jones v. State, 48 Ala. App. 32, 261 So.2d 451 (1972), the Court of Criminal Appeals cited Boykin v. Alabama as authority to remand the case to the trial court for a further hearing 'as to whether or not the appellant, before pleading guilty, had been informed as to the minimum and maximum punishment for grand larceny.' In 1973, this Court followed Jones v. State:
 " 'The "utmost solicitude" required by Boykin, supra, requires a showing not only that the defendant believed he knew the range of punishment, but that his belief was accurate. The better practice is to elicit the maximum and minimum sentences from the defendant himself, so that the knowledge thereof appears on the face of the record. See Jones v. State, [48 Ala. App. 32, 261 So.2d 451 (1972)].'
 "Carter v. State, 291 Ala. 83, at 85, 277 So.2d 896, at 897-98 (1973). It is this holding upon which Ex parte Rivers was based.
". . . .
 "Since Boykin, Alabama trial judges, when accepting a plea of guilty, have given a 'Boykin
colloquy,' which gives an explanation of the defendant's constitutional rights and includes the maximum and minimum sentences that he can receive. The use of a written explanation of rights and a plea-of-guilty form is also authorized by the Alabama Rules of Criminal Procedure, Rule 14.4. The form has been commonly known as the 'Ireland form,' because its use was first upheld in Ireland v. State, 47 Ala. App. 65, 250 So.2d 602, 604
(Ala.Crim.App. 1971). Rule 14.4, amended effective January 1, 1991, sets forth the current procedure for the acceptance of a guilty plea. That procedure includes conducting a 'Boykin colloquy' between the trial judge and the accused and using a written explanation-of-rights form, similar to the 'Ireland
form'; the form is signed by the accused, his counsel, and the trial judge when a plea of guilty is accepted."
See also Ex parte Cantu, [Ms. 1920426, April 15, 1994], ___ So.2d ___ (Ala. 1994).
Rule 14.4(a)(1)(ii), A.R.Cr.P., states:
 "(a) . . . [T]he court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
". . . .
 "(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions. . . ."
"Sub-subsection (ii) is designed to meet the requirement of Alabama decisions holding that the defendant must be informed of the maximum and minimum possible sentences as an 'absolute constitutional prerequisite to acceptance of a guilty plea.' See Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973); Knightv. State, 55 Ala. App. 565, 317 So.2d 532 (1975)." Rule 14.4, A.R.Cr.P., Committee Comments.
The attorney general contends that although the appellant was not informed of the range of punishment, "[t]he issue in this case is whether the apparent failure to apprise the Appellant of the possible minimum and maximum *Page 1127 
sentence automatically renders the plea involuntary." Appellee's brief at 12 (emphasis in original). Based on the authorities cited above, we must reaffirm our earlier holding that "[w]here the trial court fails to apprise the defendant of both the maximum and minimum sentences, or either of the two, a reversal is automatically mandated." Trice v. State,601 So.2d 180, 185 (Ala.Cr.App. 1992).
The judgment of the circuit court is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971). See also Form 40, A.R.Crim.P.