(80 South. 40)

**HEARD v. BURTON–BOYD MERCANTILE CO.** (5 Div. 688.)

(Supreme Court of Alabama. Nov. 21, 1918.)

1. **APPEAL AND ERROR** ⊕⇒1058(2)—**HARMLESS ERROR—EXCLUSION OF EVIDENCE.**

Error of the court in excluding testimony was rendered harmless, where subsequently the party very explicitly and without objection from other side testified to fact desired.

2. **APPEAL AND ERROR** ⊕⇒907(5) — **RECORD — PRESUMPTIONS.**

On appeal from an action involving an accounting under a waive note and mortgage to secure the loan of certain cotton, where the provisions of the mortgage do not appear in the transcript or the bill of exceptions, it will be presumed that testimony as to what became of certain cotton seed was relevant.

3. **EVIDENCE** ⊕⇒155(1) — **ADMISSION OF SIMILAR EVIDENCE BY ADVERSE PARTY.**

Where one party introduces a subject in evidence, in an action involving an account,

he could not complain that the court allowed his opponent to show that he was not entitled to a credit on that account.

**4. WITNESSES** ⊕═37(1) — KNOWLEDGE — INDEBTEDNESS.

A member of a firm was properly allowed to state amount of a person's indebtedness to the firm, notwithstanding he had before said that he did not know of his own knowledge what goods had been furnished, where he further testified that he had made out and furnished to such person an itemized statement of his account, taken from the books, and that there had been no denial at any time prior to the trial of the correctness of the account.

**5. EVIDENCE** ⊕═148—CONTRADICTORY STATEMENTS—ADMISSIBILITY.

While contradictory statements unexplained may affect the credibility of a witness, they are not for that reason alone incompetent as evidence.

**6. EVIDENCE** ⊕═355(2) — STATEMENTS OF ACCOUNT—ADMISSIBILITY AS MEMORANDUM.

Although an account was not formally offered in evidence, there was no error in submitting it to the jury as a mere memorandum of the facts to which witnesses had testified.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Action by Will Heard against the Burton-Boyd Mercantile Company in assumpsit on the common count, and on special contract. Judgment for defendant, and plaintiff appeals. Affirmed.

The evidence for plaintiff tended to show that in the fall of 1914 he loaned defendant 29 bales of cotton, and that defendant sold the cotton, and had never settled with him for it. Defendants set up a waive note and mortgage executed by plaintiff to them, and on which was due the sum of $2,900, while the cotton was valued at about $2,700.

R. J. Hooten, of Roanoke, for appellant. Strother & Hines, of Lafayette, for appellee.

SAYRE, J. Action by appellant for the value of 27 bales of cotton turned over by appellant to appellee to be sold, as appellant contended, for account of appellant when he should so direct. Appellee contended that the cotton had been delivered for credit on appellant's account and that it had forthwith sold the cotton as it had a right to do. Judgment over went for appellee on its plea of set-off.

[1] Appellant testified in support of his contention as stated above, and, of course, he should have been allowed to testify as to the value of the cotton at the time when, according to his contention, he directed a sale. The court erred at first in excluding plaintiff's testimony on this point, but the error of that ruling was rendered harmless when afterwards appellant very explicitly and without objection from the other side testified to the fact desired.

[2, 3] Under the provisions of the mortgage which was put in evidence, but which does not appear in the transcript or the bill of exceptions, it may have been relevant and material to know what became of the cotton seed inquired about. We must presume that it was. Moreover, appellant introduced the subject of cotton seed, and the court committed no error in allowing appellee to make it clear that the former was not entitled to a credit on that account.

[4, 5] There was no error in any of the rulings on the testimony offered by the witness R. P. Burton. The witness was properly allowed to state the amount of appellant's indebtedness to appellee, notwithstanding he had before said that he did not know of his own knowledge what goods had been furnished to him, for the witness' further testimony was to the effect that he had made out and furnished to appellant an itemized statement of his account, taken from appellee's books, and that there had been no denial at any time prior to the trial of the correctness of the account so furnished. Moreover, while contradictory statements, unexplained, may affect the credibility of a witness, they are not for that reason alone incompetent as evidence. Joseph, Gaboury & Co. v. Southwark Foundry & Machine Co., 99 Ala. 47, 10 South. 327.

[6] Appellee's itemized statement of its accounts against appellant's tenants, for which appellant was responsible to appellee, was allowed to go to the jury without reversible error. There was evidence tending to establish the correctness of this account, and while it seems not to have been formally offered in evidence, as properly it might have been, there was no error in submitting it to the jury as a mere memorandum of the facts to which the witnesses had testified.

One or two other assignments of error need no special notice. The judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.