215 So.2d 714

**Robert DANDRIDGE**

v.

**STATE of Alabama.**

**6 Div. 350.**

Supreme Court of Alabama.

Nov. 7, 1968.

Arthur D. Shores, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Jas. H. Evans, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Defendant was indicted for first degree murder, convicted of murder in the second degree, and sentenced to imprisonment for ninety-nine years. His motion for new trial was overruled and he has appealed.

The evidence tends to show the following facts. Two men were at a filling station fixing a tire. Defendant came up while the two men were fixing the tire. A car was being serviced by the station attendant. Deceased then drove up in his car accompanied by his wife and another lady. Deceased drove his car between the pumps to the side where defendant and the two men were. In his brief, defendant describes what next occurred as follows:

"  .   .   .   .   The deceased remarked, 'Get out of the Damn Way', Tr. 33. James, a companion of the Appellant called out to the driver Kinchloe, the

deceased, 'Watch It'. He stated that he was almost hit by the car. Tr. 79–80. The State's witness stated that one of the companions of the Appellant, standing in front of the car, when told to get out of the way by Douglas Kinchloe, the deceased, stated, 'Do you want to get out and fuck about it' Tr. 47. The witness also stated that it was not the appellant, who first used the expression but later the appellant used the expression, and that the deceased got out of the car, came around and met the appellant, where there were words and tussling. That the deceased came back to the car, where his wife tried to restrain him and told him not to get out of the car. (Tr. 34). The deceased obtained a baseball bat from the car, (Tr. 28) left the car, walked over to the appellant, striking him two or more times, with the bat (Tr. 28, 37, 50, 51) as appellant attempted to ward off the blows from the deceased, he struck the deceased in the chest with a knife (Tr. 51) . . . . "

Deceased "lived about three to five minutes after the wound." The "baseball bat" used by deceased is approximately two feet long and its diameter at the largest end is approximately one and one-half inches.

We have examined the entire record and have found no error committed by the trial court.

Defendant argues that a new trial should have been granted because the preponderance of the evidence is against the verdict, that the evidence shows that deceased was at fault, that defendant made out a case of self-defense, and that the element of malice was not shown.

■ It seems clear from the evidence that defendant struck deceased with a knife and that the resulting wound caused the death of deceased. We will not undertake to restate the various rules of the doctrine of self-defense with respect to freedom from fault in bringing on the difficulty or with respect to fighting will-

ingly. Under the evidence, it was for the jury to decide whether defendant was due to be acquitted under the doctrine of self-defense.

■ Whether malice was to be inferred from the use of the knife under the circumstances of the killing, as shown by the evidence, was also an issue to be decided by the jury.

■ This court has said that " . . . . the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." Cobb v. Malone, 92 Ala. 630, 635, 9 So. 738, 740. On consideration of the evidence in the instant case, we are not convinced that the verdict is contrary to the evidence, or that the evidence against the verdict is so decided that it is clearly wrong and unjust. Accordingly, the judgment is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and KOHN, JJ., concur.