The Grand Jury of Washington County returned an indictment for murder against the appellant, Danny Harold Weaver, and he entered a plea of not guilty, and was convicted of manslaughter in the first degree. The appellant was duly sentenced to five years imprisonment, and he gave notice of appeal to this Court. Appellant filed a motion for a new trial and same was duly denied by the trial court.
The appellant was at all proceedings in the trial court represented by counsel of his choice, and is so represented in this Court. This appeal was submitted to this Court on briefs.
The appellant argues in his brief that the trial court erred to the prejudice of the appellant by: First, denying defendant's motion for a directed verdict; second, refusing appellant's written charge number 9; third, sustaining state's objections to questions about threats made by deceased against the appellant and Jurlean Weaver; fourth, restricting appellant's right of cross-examination of state's witnesses; fifth, allowing a pathologist to give his opinion as to cause of death of the deceased; sixth, allowing state to introduce evidence by other prosecution witnesses that tended to impeach, or discredit, the testimony of state's witness, Jurlean Weaver; seventh, overruling appellant's motion for a new trial.
The ground for the first prejudicial error complained of by the appellant in his brief is that the indictment in this cause charges that the appellant killed Lonnie Dean Weaver by shooting him with a .25 caliber automatic rifle, while the undisputed evidence proves that the appellant killed the deceased by shooting him with a .25 caliber automatic pistol.
The appellant contends that there is a fatal variance between the allegation of the indictment and the proof in support thereof, and that the trial court erred to his prejudice in overruling his motion for a directed verdict. A .25 caliber automatic rifle, and a .25 caliber automatic pistol are the same in character. They both inflict the same character of wound. If the weapon described in the indictment, and the weapon proven are of the same nature and character, and inflict the same nature and character of the wound proven inflicted, there is no fatal variance in the allegation of the indictment and the proof. We hold that the trial court did not err when it overruled the appellant's motion for a directed verdict due to a fatal variance between the allegation of the indictment and the proof. Hull v. State, 79 Ala. 32; Turner v. State, 97 Ala. 57,12 So. 54; Taylor v. State, 148 Ala. 565, 42 So. 997;Matthews v. State, 51 Ala. App. 417, 286 So.2d 91.
The appellant's second contention in his brief is that the trial court erred to his prejudice by refusing to give appellant's requested, written charge number 9. Charge number 9 reads, as follows:
 "The Court charges the jury that it is the settled law of this State that he who invokes self defense in protection of a third person, is placed in the shoes of the person whom he seeks to protect, and if the jury is reasonably satisfied from all the evidence in this case that at the time the Defendant fired the fatal shots Jewel Weaver was in imminent danger of losing her life or suffering grievous bodily harm at the hands of the deceased, he should be acquitted, unless the jury is satisfied beyond all reasonable doubt that Jewel Weaver entered the fight willingly or was at fault in bringing on the difficulty."
The court's general charge to the jury fully covered the same rules of law contained in appellant's requested, written charge number 9, and was substantially, fairly, and clearly stated to the jury in the court's general charge. We, therefore, hold that the trial judge did not err by refusing appellant's requested, written charge number 9. Code of Alabama, 1975, Sec.12-16-13; Brown v. State, Ala.Cr.App., 393 So.2d 513; Struggsv. State, Ala.Cr.App., 372 So.2d 49; Certiorari Denied, Ala.,372 So.2d 55; Lowman v. State, Ala.Cr.App., 400 So.2d 430;Certiorari Denied, Ala., 400 So.2d 434. We do not comment as to whether refused, *Page 570 
written charge number 9 should or should not have been refused by the trial court for other reasons.
Appellant's third contention in his brief is that the trial court erred to his prejudice by sustaining state's objections to questions about threats made by the deceased against the appellant and Jurlean Weaver when the appellant had asserted the defense of self-defense of Jurlean Weaver and appellant. During the trial there was undisputed evidence introduced, without objection by the appellant, and before the jury, of numerous threats made by the deceased, prior to the time of the shooting, directed at deceased's former wife, Jurlean Weaver, and the appellant, Danny Weaver, such as: "The next time I lay my eyes on you and Danny Harold (the appellant) I'm going to kill you both" and, "you and Danny Harold or me one is going to hell tonight. I have come here to kill you all and might as well get it over with tonight," and again in December, 1978, deceased said to appellant, "It will be two weeks before [the deceased] would kill the appellant and Jurlean," and again some three weeks before the shooting the deceased told Coma Orso and Gene Sullivan that, Deceased "was prepared to and was going to kill both the appellant and Jurlean, and again deceased told Frankie Weaver that he was going to kill all of us, (meaning appellant and Jurlean) and drown the unborn baby." All of these threats were made before, and were all communicated to the appellant before the shooting, and evidence of such threats was before the jury at the time the court sustained state's objections complained of by the appellant with reference to threats directed at the appellant. If the trial court erred by sustaining state's objection to appellant's question about a threat directed against the appellant and Jurlean Weaver, still no reversible error was made, because it was harmless error under the rule that an error in excluding evidence of a certainfact is harmless where that fact is established by other undisputed evidence. In this case, after reviewing the entire record, the fact that the deceased had threatened to take the life of the appellant, and of the person he claimed to be defending, was established by other evidence which was undisputed. Rules of Appellate Procedure, Rule 45; McLemore v.Alabama Power Company, 289 Ala. 643, 270 So.2d 657; Hayes v.State, Ala.Cr.App., 395 So.2d 127; Certiorari Denied,395 So.2d 150; Bush v. State, 282 Ala. 134, 209 So.2d 416; Thomas v.State, 41 Ala. App. 19, 122 So.2d 731.
The appellant's fourth contention in his brief is that the trial court unduly restricted his right of cross-examination of two of state's witnesses. The range and extent of cross-examination of a witness is a matter within the sound discretion of the trial court, and if the trial court determines that a question, or course of questions, is not of a material issue in the case, this Court should not reverse the determination of the trial court, unless the record reveals a clear abuse of discretion by the trial court by unduly restricting appellant's right of cross-examination of the witness. We have examined the record and find no abuse of discretion by the trial court in this case. Seals v. State,282 Ala. 586, 213 So.2d 645; Renfroe v. State, Ala.Cr.App.,382 So.2d 627; Certiorari Denied, Ala., 382 So.2d 632; Daniels v.State, Ala.Cr.App., 375 So.2d 523.
Appellant's fifth contention in his brief is that the trial court erred to his prejudice by allowing a pathologist to give his opinion as to the cause of the death of the deceased. The state called Dr. Brian K. Montgomery who testified, in substance, the following: That he lived in Mobile, Alabama, and was a pathologist at the Mobile Hospital; that he received an M.D. degree from the University of London in England; attended the medical school at the University of Texas, in Galveston, Texas, and the University Medical School in Birmingham, Alabama, where he specialized in pathology; that he has been licensed to practice medicine in Alabama for 24 years, and has practiced in Mobile for the last 20 years; that he has performed autopsies for the determination of the cause of death on several thousand bodies; that on or about *Page 571 
March 16, 1979 he performed an autopsy on Lonnie Dean Weaver in the autopsy room of the Mobile Infirmary; that as a result of the autopsy he performed on the body of Lonnie Dean Weaver, his opinion as to the cause of death was due to loss of blood due to damage to the vital organs, the lungs, liver, and right pulmonary artery, caused by gunshot wounds, or the bullets. We hold that the trial court did not err to the prejudice of the appellant when Doctor Montgomery was allowed to state his opinion as to the cause of the death of the deceased. McElroy'sAlabama Evidence, Third Edition, Sec. 128.09.
State's witness, Jurlean Weaver, had testified on direct examination that she and the deceased were divorced in 1974, and that they continued to live together after the divorce up until the fall of 1978. Later during the trial the state called Barbara Martin as a witness, and the trial judge allowed her to testify, over the objection of the appellant, that Jurlean Weaver and the deceased had continued to live together after the divorce, and slept together on a night in November, 1978. The appellant argues in his brief that the trial judge erred to appellant's prejudice when he overruled his objection to this testimony of Barbara Martin, because it allowed the state to impeach its own witness, Jurlean Weaver. The relations, attitude, and feelings that existed between the deceased and Jurlean Weaver were material facts to be considered by the jury in arriving at its verdict in this case. We find no substantial difference between the above facts testified to by Jurlean Weaver and Barbara Martin. We hold that the trial judge did not err to the prejudice of the appellant by overruling his objections to questions to Mrs. Martin. We quote from McElroy'sAlabama Evidence, Third Edition, Sec. 165.01 (9):
 "There is no rule of law which precludes a party from proving the facts of his case or defense by any witness he may call even though the testimonies of his various witnesses concerning a relevant fact may be in conflict with each other."
It appears that the deceased, Lonnie Dean Weaver, and Jurlean Weaver were husband and wife, and had three children. That their married life was wrought with many difficulties, and ended with a divorce in 1974. That after the divorce in 1974, and up until the fall of 1978, they continued to live together. That the appellant began to go with Jurlean Weaver. That the deceased made threats to harm or kill the appellant and Jurlean. That on the 15th day of March, 1979 the appellant and Jurlean Weaver were parked and were sitting in appellant's car in front of Mrs. Orlowski's house when the deceased, driving Jurlean's car, pulled up beside appellant's car. That Jurlean got out of appellant's car and, after having a few words with the deceased, began to run toward Mrs. Orlowski's house. That the deceased got out of the car he was driving, and caught Jurlean and began to beat her about the head with his fist. That after deceased had hit Jurlean several times, the appellant got out of his car and told the deceased to stop beating Jurlean, and that the deceased stopped beating her, and turned toward the appellant, and the deceased made a motion as if to draw a gun from under his shirt. The appellant testified that the appellant had a pistol, and shot the deceased. There was no evidence that the deceased had a weapon of any kind. The appellant then went to the police officers and told them what he had done, and at his trial asserted the defense of self-defense. Under proper instructions from the trial court, the jury returned a verdict of manslaughter in the first degree, and fixed his punishment at 5 years in the penitentiary. All of state's evidence was sufficient to sustain a jury verdict of first degree murder if believed by the jury, and the appellant's evidence was sufficient to sustain the appellant's defense of self-defense if believed by the jury. We hold that the credibility of appellant's evidence of self-defense is for the jury. They may accept it as true or reject it. The trial court did not err in submitting the matter to the jury for a determination, and in overruling appellant's motion for a new trial. Kemp v. State, 278 Ala. 637,179 So.2d 762; Dandridge *Page 572 v. State, 283 Ala. 271, 215 So.2d 714; Carpenter v. State, Ala.Cr.App., 400 So.2d 417; Certiorari Denied, Ala.,400 So.2d 427.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.