HARRIS, Judge.
Appellant, Sylvester Earl McDonald, was indicted by the Mobile County Grand Jury in December of 1982 for the robbery and intentional killing of Daniel F. Wiggins. He was convicted of murder and robbery, first degree, and was sentenced to life imprisonment without parole pursuant to the habitual felony offender statute.
On November 29, 1981, at Orange Grove Housing Project in Mobile, Daniel F. Wiggins was wounded by a gunshot, and later, while hospitalized for treatment of the wound, died. Dr. Leroy Riddick, a forensic pathologist, testified at trial that the underlying cause of Mr. Wiggins’s death was a gunshot wound to the neck.
Johnny Lee Hawkins was a witness to the shooting, as well as to events which led up to the incident. He testified that he, appellant, Tony Glover, and a man known as Sammyo were standing on a balcony overlooking a parking lot at the Orange Grove Housing Project between eight and ten o’clock that evening. The parking lot was illuminated by a street lamp so that the men on the balcony were able to observe a white girl drive up in a car with an older white man as a passenger. The girl spoke to a man known as Pig Iron. A girl called Fly and another man called Zack walked up to the car. Fly got in and drove off with the girl and the man.
Appellant and Tony discussed robbing the man when he returned, and when the girl drove into the parking lot again, appellant, Tony and Pig Iron approached the ear. Hawkins had seen appellant carrying a pistol and he observed appellant open the car door and begin hitting the man with the gun. Hawkins heard a gunshot and saw the three men run away.
The white girl began to scream for help and Hawkins, along with a young boy also on the scene, helped get the man back into the car. A police patrol car arrived shortly and escorted the girl and the wounded man to the hospital.
Hawkins testified that he called Detective Williams of the Mobile Police Department the day after the shooting and told him what had happened.
On cross-examination Hawkins admitted that there were three criminal cases pending against him, and that he had previous convictions; however, he denied that the police threatened him with a sentence of life without parole unless he helped them.
Wilber Williams, of the Mobile Police Department, testified that Hawkins called him in November of 1981, before the charges currently pending against him were brought, and that the story he told him at that time was substantially the same as his testimony at trial.
Joseph Washington testified that appellant and Tony Glover came to his apartment after the shooting, seeking his advice in regard to obtaining passports. Appellant said that he “had shot a white man.” Tony had a gun with him.
Robert Clark, appellant’s counsel, testified that he interviewed Hawkins prior to trial and that Hawkins related a different version of events on the night of the shooting than he «testified to at trial. He told Clark that Tony Glover had been on the passenger’s side of the car that night and that appellant had been at the rear of the car and that he never went near the door of the car. He also told Clark that he couldn’t see what was going on, but judged by height and size.
*462 Charlotte Frison testified that on that night she lived in an apartment on the street where the shooting took place and that she saw appellant, Hawkins, and Glover in the parking lot. She saw a car pull up and a white girl get out. She heard a shot and went down to the parking lot, but when she got there the three men were gone.
Appellant raises two issues for consideration on appeal. First, appellant contends that the trial court erred in admitting evidence of Johnny Hawkins’s prior consistent statement. The testimony of Detective Williams regarding this statement was submitted to the jury in rebuttal of appellant’s attempt to establish Hawkins’s bias against appellant.
The general rule in regard to supporting a witness’s credibility with a prior consistent statement is as follows:
“[T]he impeachment of a witness by the introduction of evidence that he has made a statement which is inconsistent with his testimony does not authorize the proponent of the witness to support his credibility by evidence that the witness has made a statement on another occasion of the same tenor as his present testimony. This is true whether or not the witness is a party, whether or not the witness admitted the making of the prior inconsistent statement, whether the witness denied making such statement and testimony that he made it came from the mouths of another witness and whether or not the prior similar statement was made before or after the time of the claimed inconsistent statement.”
C. Gamble, McElroy’s Alabama Evidence § 177-01(2) (3d ed. 1977).
There is, however, an exception to the rule, which is the following:
“[I]f it is claimed that the witness’ bias arose at a particular point of time, evidence that he, prior to such particular point of time, made a statement of substantially the same tenor as his present testimony is admissible. Stated differently, it is said that a witness charged with a motive or interest to misstate or misrepresent the facts concerning which he has testified, growing out his relation to the cause or to the litigant in whose behalf he gave testimony, may be supported and corroborated by proof that he made statements consistent and in harmony with his testimony, before that relation existed.”
C. Gamble, McElroy’s Alabama Evidence § 177.01(4) (3d ed. 1977).
In the case sub judice, Hawkins testified that appellant hit the victim several times with a gun, that he heard the gun discharge and that appellant ran away. On cross-examination Hawkins admitted that he then had several criminal charges pending against him, interjecting the possibility that he was biased toward the State in expectation of favorable treatment regarding those charges. Testimony of Detective Williams that Hawkins made a similar statement before the charges were brought was, therefore, admissible under the exception to the general rule in order to rebut the inference that Hawkins’s testimony was manufactured. Zuck v. State, 57 Ala. App. 15, 325 So.2d 531 (1975), cert. denied, 295 Ala. 430, 325 So.2d 539 (1976); Yarbrough v. State, 105 Ala. 43, 16 So. 758 (1894).
Appellant also argues that the trial court erred to reversal in failing to instruct the jury as to the limited admissibility of Detective Williams’s testimony. Appellant contends that the testimony was not admissible to rebut proof of the witness’s crimes of moral turpitude or to rebut the witness’s prior inconsistent statements. These grounds were not, however, specified at trial. Appellant’s objection at trial was as follows:
“Judge, we’d ask for an instruction to the jury as to the purpose of Detective Williams’ testimony. It does not go to the truth of any matter asserted. It’s not facts, but it’s — ”
Only those grounds for objection presented to the trial court can serve as a basis for reversal of the court's action. Bland v. State, 395 So.2d 164 (Ala.Cr.App. *463 1981); Harris v. State, 57 Ala.App. 558, 329 So.2d 618 (1976). Furthermore, appellant is bound by the grounds of objection specified at trial even though the evidence may have been inadmissible on different grounds. Turley v. State, 356 So.2d 1238 (Ala.Cr.App.1978). Other considerations aside, this objection was not made with sufficient particularity to allow an informed decision to be made on the particular legal issue involved and thus failed to preserve the matter for review. Ward v. State, 376 So.2d 1112 (Ala.Cr.App.), cert. denied, 376 So.2d 1117 (Ala.1979).
Second, appellant contends that the trial court erred in sentencing appellant under the habitual felony offender statute. Appellant argues that he was incorrectly sentenced because only two prior convictions were proven. This contention is without merit. The requisite number of prior convictions was clearly proven by introduction of certified copies of the minute entries. Thatch v. State, 397 So.2d 246 (Ala. Cr.App.), cert. denied, 397 So.2d 253 (Ala. 1981).
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.