The appellant, Larry Douglas Childers, was indicted for murder and was convicted for the manslaughter of Jerry Wayne Collins. He was sentenced to 20 years' imprisonment, was fined $10,000, and was ordered to pay $10,000 to the victims' compensation fund. In addition, he was ordered to pay the victim's hospital, doctor, and medical bills, and to pay court costs. The appellant raises five issues on this appeal from that conviction.
 I.
The trial court did not commit error in allowing into evidence a copy of a city ordinance prohibiting the possession of firearms in establishments where liquor is distributed after the appellant had introduced evidence that he was licensed to carry a firearm.
The killing in this case was the result of an altercation that arose between the appellant and the deceased at the Wagon Wheel lounge in Muscle Shoals on the night of Saturday, September 29, 1990. The appellant was charged with the murder of the deceased "by shooting him with a pistol." The deceased sustained four "non-survivable" gunshot wounds. The defense was self defense.
On cross-examination of State's witness Muscle Shoals Police Captain David Bradford, defense counsel elicited the facts that the appellant had a "valid and existing pistol permit" issued by the county sheriff and a "valid federal firearms license" (federal license to engage in business as a dealer in firearms). R. 1101-02. Copies of the pistol permit and of the federal firearms license were admitted into evidence without objection.
On redirect examination of Captain Bradford, the State introduced the city ordinance prohibiting the possession of a firearm "upon the premises of an [sic] business establishment maintaining a lounge retail liquor license." Muscle Shoals, Alabama, Ordinance 1036, § 5 (December 6, 1983), R. 65. Section (5)(a) of that ordinance provides: "It shall be no defense to the offenses listed in section (5) hereinabove that a person has a valid permit to carry a pistol issued by the Sheriff of Colbert County, Alabama, . . . or any other governmental authority within or without the State of Alabama."
On this appeal the appellant argues that the city ordinance is invalid because it conflicts with Article I, § 26, of the Alabama Constitution of 1901 which provides, "That every citizen has a right to bear arms in defense of himself and the state." However, the issue of the constitutionality of the ordinance was not presented to the trial court. At trial, the stated ground of the objection was relevance:
 "And we object. It's illegal, irrelevant, immaterial, prejudicial. The proper predicate is not laid. It has no relevance to the issues in this case because it is contrary to existing State law and does not direct any question as to whether or not it would effect the federal gun license that's been received into evidence.
 "It has no probative value. It's prejudicial to the defendant and injects an issue into the evidence to confuse the jury on an issue that is clear by the applicable law that he had a right to possess a firearm at the time." R. 1119-20. *Page 352 
"The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parteFrith, 526 So.2d 880, 882 (Ala. 1987).
Furthermore, the argument is without merit even had it been properly preserved for review. See State v. Dees,100 N.M. 252, 669 P.2d 261 (1983). In Hyde v. City ofBirmingham, 392 So.2d 1226 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1229 (Ala. 1981), this Court rejected a similar contention.
Under the liberal test of relevance in Alabama, "a fact is admissible if it has any probative value, however slight, upon a matter in the case." C. Gamble, McElroy's AlabamaEvidence § 21.01 at 34 (4th ed. 1991). Here, it was proper for the appellant to introduce evidence that he was authorized to carry a pistol. See Pattillo v. State,245 Ala. 192, 193, 16 So.2d 303, 304 (1944). However, once the appellant introduced evidence to show that he was authorized to carry a firearm, the prosecution was entitled to show that he was not authorized to carry a firearm at the particular place where the shooting occurred.
Where one party introduces a subject into evidence, that party should not be heard to complain when the other party introduces similar evidence in rebuttal. Cross v.State, 147 Ala. 125, 130, 41 So. 875, 876 (1906) ("It is not reversible error to permit immaterial evidence to be rebutted by immaterial evidence"). See also Heard v.Burton-Boyd Mercantile Co., 202 Ala. 218, 219, 80 So. 40,41 (1918). A party has "the right to rebut evidence offered against him, be it relevant or irrelevant." Smothers v.State, 39 Ala. App. 292, 295, 98 So.2d 66, 68 (1957).
 II.
The prosecution was properly allowed to introduce evidence that tended to show that the appellant and the deceased had engaged in a prior altercation at the Wagon Wheel lounge and that the appellant had threatened the deceased on May 3, 1990, approximately five months before the killing at that same lounge. "In a prosecution for murder, evidence of former acts of hostility between the accused and the victim are admissible as tending to show malice, intent, and ill will on the part of the accused." White v. State, 587 So.2d 1218, 1230
(Ala.Cr.App. 1990), affirmed, 587 So.2d 1236 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 979, 117 L.Ed.2d 142 (1992).
The threat made by the appellant was that he "ought to have shot them son-of-a-bitches." R. 903. Although this threat did not identify the deceased by name, the testimony provides a reasonable inference that the deceased was included in the class described by the appellant. "Although the victim is not named in the threat, if the evidence of other circumstances warrants an inference that it was directed against the victim or a class of which the victim was a member, then the threat is admissible." McElroy's at § 44.02(1).
 III.
There is no evidence of racial discrimination in the prosecution's use of three of its 15 peremptory strikes to remove blacks from the jury venire. The prosecution gave race-neutral reasons under Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), for the exercise of those three strikes against black veniremembers. The district attorney had prosecuted and convicted one veniremember's daughter "on a drug charge," and was "currently in the process of prosecuting bad check cases against" both the veniremember and her daughter. R. 245. The district attorney also had one "bad check" case pending against the second veniremember. That veniremember's ex-husband had been prosecuted for child sexual abuse and the veniremember, who had testified as a State's witness, had stated that "she was not for or against either side in the case." R. 245. The third black veniremember struck by the State was removed because "she was the only juror left on the jury venire who participated and served in a case that was also tried during this term of court . . . in which a not guilty verdict was returned." R. 245. Without further discussion, we approve the trial *Page 353 
court's holding "that the district attorney has articulated race-neutral reasons, and there has been no prima facie showing of purposeful discrimination in the selection or striking from those jurors of these people." R. 246. See Ex parteBird, 594 So.2d 676 (Ala. 1991).
 IV.
The appellant complains because "there was no documentary or testimonial evidence as to any basis for [the] restitution award," and objects to the award of restitution. Appellant's brief at 17.
The issue of restitution was not mentioned until the trial court sentenced the appellant to 20 years' imprisonment and stated:
 "You are further ordered to pay the Victims Compensation Assessment of $10,000, and you are further fined $10,000, and you are further ordered to pay the restitution for all hospital, medical and doctor bills that are set out in the report, and the court costs. I have read the report and everything that is contained therein. . . ." R. 1306.
No objection was made to the amount of or the manner in which restitution was awarded at that time. However, in the appellant's motion for new trial objection was made to both the amount of and the manner in which restitution was ordered. The trial court denied that motion without comment.
While the objection to the ordered restitution was untimely, we are reluctant to summarily dismiss this issue on the ground that it was not preserved for appellate review as argued by the State. First, objection to the matter of restitution does appear in the record. In Ex parte Clare,456 So.2d 357, 359 (Ala. 1984), the Alabama Supreme Court stated: "We dismiss this argument [that the restitution issue was not preserved for appeal by defense counsel because no objection was made] because the nature of this particular restitution hearing did not allow for objections, as there was no testimony from witnesses. Defendant's counsel made known to the court his disagreement with the State concerning the amount of restitution, and this was enough in this instance to preserve the issue for review." Clare, 456 So.2d at 359. This Court has recognized that no specific form of objection is required. Eddins v. State, 501 So.2d 574, 578
(Ala.Cr.App. 1986).
Second, there must be some "judicial determination" of the amount of restitution, and such a fact-finding determination cannot be delegated to a probation officer. See UnitedStates v. Weichert, 836 F.2d 769, 772 (2d Cir. 1988);United States v. Barany, 884 F.2d 1255, 1259-60 (9th Cir. 1989), cert. denied, 493 U.S. 1034, 110 S.Ct. 755,107 L.Ed.2d 771 (1990).
Third, the trial court never specified the exact amount of restitution imposed other than by reference to the "investigation report."
Fourth, we note that a proper order of restitution is legally enforceable, must be made a condition of parole, and the failure to make restitution may be a basis for parole revocation. Ala. Code 1975, § 15-18-71. Rule 26.11(h) and (i), A.R.Crim.P., provide additional remedies for nonpayment.
Fifth, a remand at this time will foreclose possible issues presented in any collateral attack on the matter of restitution in the future.
Sixth, and finally, is Henry v. State,468 So.2d 896, 901 (Ala.Cr.App. 1984), cert. denied, 468 So.2d 902
(Ala. 1985), wherein this Court held that the defendant, who was convicted of burglary, was "entitled to a hearing, at which legal evidence was introduced, in order to determine the precise amount of restitution due the victim in this case." This Court held that the police department's valuation of the stolen property reflected in the "restitution form" "was not legal evidence without accompanying testimony regarding the manner in which the values were determined." Henry, 468 So.2d at 901.
For all of these reasons and in an abundance of caution, this case is remanded to the trial court with instructions that, unless the parties agree upon the amount of restitution, seeHumber v. State, 481 So.2d 452, *Page 354 
453 (Ala.Cr.App. 1985), an evidentiary hearing shall be conducted at which the State is given the opportunity to prove, by legal evidence and by a preponderance of the evidence, the amount of restitution. The appellant, in addition to his counsel, has a right to be present at that hearing.Williams v. State, 506 So.2d 368, 372
(Ala.Cr.App. 1986), cert. denied, 506 So.2d 372 (Ala. 1987). In accordance with Rule 26.11(a), A.R.Crim.P., "The financial resources and obligations of the defendant and the burden that payment of restitution will impose should be considered in determining how much restitution is to be paid or collected, i.e., whether to be paid by installments and what length of time should be given for payment." The trial court shall also consider the criteria for determining restitution set out in Ala. Code 1975, § 15-18-68. At the conclusion of the hearing, the trial court shall require the appellant to state any objection he has to "the imposition, amount or distribution of restitution or the manner or method thereof." See §15-18-69. The trial court shall enter a written order of restitution "stating its findings and the underlying facts and circumstances thereof" as required by § 15-18-69. That order shall indicate compliance with § 15-18-68 and Rule 26.11, and shall state the specific amount of restitution imposed and the manner of payment. See § 15-18-70. A transcript of the hearing and the written order of the trial court shall be filed in this Court within 90 days from the date of this order.
 V.
Under the evidence, it was for the jury to decide whether the appellant was due to be acquitted by reason of self-defense.Dandridge v. State, 283 Ala. 271, 272, 215 So.2d 714,715 (1968). There is no evidence that the deceased was armed with a deadly weapon or a dangerous instrument. "An assault with the hand or fist, under ordinary circumstances, neither justifies nor excuses the use of a deadly weapon." Scalesv. State, 96 Ala. 69, 78, 11 So. 121, 125 (1892). "A person may use deadly physical force if the actor reasonably believes that such other person is . . . [u]sing or about to use unlawful deadly physical force." Ala. Code 1975, §13A-3-23(a)(1). "Authority is abundant for the proposition that a person who enters willingly into a fight cannot rely on self-defense if he kills his adversary." Payne v.State, 421 So.2d 1303, 1305 (Ala.Cr.App.), cert. quashed,421 So.2d 1306 (Ala. 1982).
The evidence is sufficient to support the appellant's conviction for manslaughter and the verdict of the jury is justified.
This cause is remanded to the trial court for the reasons stated in Part IV of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.