ON REMAND

BOWEN, Presiding Judge.
On original submission, this Court found no grounds to reverse the appellant’s conviction for manslaughter. However, we remanded this cause to the trial court “with instructions that, unless the parties agree upon the amount of restitution, ... an evi-dentiary hearing ... be conducted” to allow the State to properly prove the amount of restitution. Childers v. State, 607 So.2d 350, 353-54 (Ala.Cr.App.1992). On remand, the appellant consented to restitution in the amount of $6,000 and to an assessment of $100 to the crime victims’ compensation fond.
Our opinion on original submission was released on August 21, 1992. The case was resubmitted on return to remand on October 8, 1992. On November 25, 1992, the Supreme Court of Alabama granted the appellant’s petition for writ of certiorari. That order stayed the proceedings in this Court. See Rule 41(b), A.R.App.P. On July 27, 1993, the Supreme Court of Alabama entered an order finding that the “writ was issued prematurely because the Court of Criminal Appeals had not rendered a final judgment.” The Supreme Court “ordered that the submission to this Court is set aside and the ease is remanded to the Court of Criminal Appeals for the purpose of allowing that Court to consider the trial court’s return to the August 21, 1992, remand order.”
Because the appellant consented to the amount of restitution there is nothing further for this Court to consider.
The judgment of the circuit court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.