On Application for Rehearing
The opinion of September 10, 1993, is withdrawn and the following is substituted therefor.
On September 29, 1990, Larry Douglas Childers and Jerry Wayne Collins were fighting in the Wagon Wheel lounge in Muscle Shoals, Alabama, when Childers shot Collins with a pistol, killing him. Although Childers was indicted for the murder of Collins, a jury convicted him of manslaughter.
On appeal, the Court of Criminal Appeals remanded for further proceedings in regard to restitution, and this Court denied the State's petition for certiorari review.Childers v. State, 607 So.2d 350 (Ala.Crim.App. 1992). Following the proceedings on remand, the Court of Criminal Appeals, on September 3, 1993, affirmed; see 640 So.2d 15. On certiorari review granted on the defendant's petition, we reverse and remand for a new trial.
Childers presents three issues for review. After carefully reviewing the record, we conclude that the Court of Criminal Appeals properly held that the trial court did not err in permitting the prosecution to introduce evidence of prior threats made by Childers, and that it properly held that the prosecution's striking of three black veniremembers did not violate Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986). However, we must conclude that that court incorrectly held that Childers's objection to the introduction of a city ordinance was not sufficiently particular to preserve for review a question as to the legality of that ordinance.
Childers argued at trial that he shot Collins in self-defense. While cross-examining Muscle Shoals police captain David Bradford, Childers's attorney elicited testimony that Childers was licensed to carry a pistol. Childers's attorney then introduced copies of Childers's state pistol license and his federal license to sell firearms, which the court admitted into evidence. On redirect examination of Bradford, the prosecution introduced copies of Muscle Shoals, Alabama, Ordinance 1036, § 5 (December 6, 1983), which prohibits the possession of a firearm "upon a premises of a business establishment maintaining a lounge retail liquor license." According to § 5(a) of the ordinance, a valid permit to carry the firearm is no defense to a charge of violating this ordinance. *Page 18 
Childers's attorney objected to the introduction of the ordinance:
 "[W]e object. . . . The law is that a city cannot pass a law that violates an existing state statute."
". . . .
 ". . . It's illegal, irrelevant, immaterial, prejudicial. The proper predicate is not laid. It has no relevance to the issues in this case because it is contrary to existing State law and does not direct any question as to whether or not it would affect the federal gun license that's been received into evidence.
 "It has no probative value. It's prejudicial to the defendant and injects an issue into the evidence to confuse the jury on an issue that is clear by the applicable law that he had a right to possess a firearm at the time."
Overruling this objection, the trial court admitted the ordinance into evidence.
On appeal, Childers argued that the trial court erred in allowing the Muscle Shoals ordinance into evidence, because, he argued, the ordinance violates the Alabama Constitution and state laws derived therefrom authorizing citizens with valid permits to carry firearms. Childers cited Article I, § 26, Ala. Const. of 1901, as a provision with which the Muscle Shoals ordinance conflicted. Section 26 provides, "[E]very citizen has a right to bear arms in defense of himself and the state." Childers cited no particular state statute that the ordinance conflicted with.
The Court of Criminal Appeals refused to review the constitutionality of the Muscle Shoals ordinance, because, it concluded, when the ordinance was offered into evidence, Childers did not object with sufficient particularity to apprise the trial court of a question of its constitutionality. Therefore, it held, he had waived his right to argue the issue on appeal. Childers v. State, 607 So.2d at 351-52 (citing Ex parte Frith, 526 So.2d 880, 882
(Ala. 1987)).[1]
To preserve an issue for review, the appellant must object with sufficient particularity to permit the trial court to make an informed decision on the particular legal issue involved. Lewis v. State, 488 So.2d 1362, 1365 (Ala.Crim.App. 1986); McDonald v. State, 448 So.2d 460, 463 (Ala.Crim.App. 1984); Turner v. State, 406 So.2d 1066, 1069 (Ala.Crim.App.),cert. denied, 406 So.2d 1069 (Ala. 1981); Bland v. State,395 So.2d 164, 168 (Ala.Crim.App. 1981); Ward v. State,376 So.2d 1112, 1115 (Ala.Crim.App.), cert. denied, 376 So.2d 1117
(Ala. 1979). Objecting to the prosecution's introduction of the Muscle Shoals ordinance, Childers argued that the ordinance was "illegal" and that "a city cannot pass a law that violates an existing state statute." Although Childers's attorney failed to specify which state statute he believed the Muscle Shoals ordinance violated, the ordinance conflicts with Ala. Code 1975, § 11-45-1.1. That statute reads:
 "No incorporated municipality shall have the power to enact any ordinance, rule or regulation, which shall tax, restrict, prevent or in any way affect the possession or ownership of handguns by the citizens of this state. The entire subject matter of handguns is reserved to the state legislature."
We conclude that the objection made by Childers's attorney was sufficiently particular to apprise the trial court that he questioned the legality of the Muscle Shoals ordinance. Moreover, had we concluded that the objection lacked the requisite specificity, we believe the general objection he made would have sufficed to preserve this issue for review, because the ordinance was illegal for any purpose and could not be made legal by supplying additional evidence. See, e.g.,Ward, 376 So.2d at 1116; Dyess v. State, 418 So.2d 208, 211
(Ala.Crim.App. 1982); Lawrence v. State, 409 So.2d 987, 989
(Ala.Crim.App. 1992); Todd v. State, 380 So.2d 370, 373
(Ala.Crim.App. 1980); Moates v. State, 40 Ala. App. 234, 237,115 So.2d 277, 280, cert. denied, 269 Ala. 698, 115 So.2d 282
(1959). *Page 19 
Because we have concluded that Childers properly preserved for review the question of the legality of the Muscle Shoals ordinance and because under § 11-45-1.1 the Muscle Shoals ordinance is illegal, we must conclude that the trial court erred in admitting the ordinance into evidence. However, error in the proceedings at trial is not necessarily grounds for reversing a judgment. "No judgment may be reversed or set aside, . . . unless in the opinion of the court to which the appeal is taken . . ., after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Rule 45, Ala.R.App.Proc.
At Childers's trial, the jury heard testimony from 10 witnesses who saw Childers shoot Collins on September 29, 1990.[2] Their testimony indicated that, in the fight between Collins and Childers, Collins was the primary aggressor. He knocked Childers to the floor, then jumped on top of him and began punching him around the face and head. David Tippet, another patron at the bar, pulled Collins off Childers and attempted to restrain him. Childers stood up and headed for the door as if to exit the bar. Collins pursued Childers and knocked him to the floor a second time. As Tippet was pulling Collins away from Childers for the second time, Childers shot at Collins six times with a semi-automatic pistol. Collins was approximately two to three feet away from Childers at the time. All six shots hit Collins in the chest area. One shot also struck Tippet in the left hand.
Because there was evidence that Collins was the aggressor in this fight, we conclude that the jury could have found that Childers had a right to shoot Collins in self-defense, but convicted Childers of manslaughter because of the erroneously admitted evidence indicating that he had no legal right to have a pistol in the bar. Accordingly, the admission of the illegal ordinance constituted prejudicial error. The judgment of the Court of Criminal Appeals is due to be reversed and the cause remanded with instructions to reverse the conviction and order a new trial.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED; APPLICATION OVERRULED.
MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The Court of Criminal Appeals stated further that even if Childers had preserved the issue for review on appeal, his argument that the ordinance was illegal was without merit because the court had rejected a similar argument in Hyde v.City of Birmingham, 392 So.2d 1226 (Ala.Crim.App. 1980),cert. denied, 392 So.2d 1229 (Ala. 1981).
[2] Eight of those witnesses testified for the prosecution and two testified for the defendant.